# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| TOISSANT D. BASSETT,<br>    Petitioner, | Civil Action No. 7:10-cv-00358 |
| v. | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, et al.,<br>    Respondents. | By:    Hon. Michael F. Urbanski<br>        United States District Judge |

Toissant D. Bassett, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Bassett argues that Virginia Department of Corrections ("VDOC") officials miscalculated the time he has served on several criminal sentences and have kept him unlawfully incarcerated since November 23, 2002. Respondents filed a motion to dismiss, which the court denied in part and took under advisement in part. Each side filed supplemental responses, and the matter is now ripe for disposition. Bassett's own submissions make it clear that since at least 2002, he has been aware of the factual predicate for his claim that his prison time has been miscalculated. Bassett did not raise this issue in court, however, until 2009, and this case presents no reason to extend or equitably toll the one year limitations period applicable to this action. As such, Bassett's habeas petition was untimely filed by several years and must be dismissed.

**I.**

Bassett is serving multiple state sentences, some of which were parole eligible, and some of which were not, and complains that the VDOC improperly arranged the order in which he was to serve these sentences, delaying his eligibility for parole and causing him to lose good time credit.

Respondents contend that the established policy of the VDOC mandates service of parole ineligible sentences before service of parole eligible sentences. In Bassett's case, this practice required that the VDOC interrupt his service of earlier imposed parole eligible sentences with later imposed parole ineligible sentences. The VDOC explains that this order is required because an inmate cannot be released on parole if he still has time left to serve on a parole ineligible sentence.

Bassett was convicted of three drug offenses in 1995, each of which were parole eligible.[1] In fact, Bassett was paroled on May 13, 1996. In 1998, he was charged with violating the terms of his parole by committing new offenses. He was returned to the custody of the VDOC on March 14, 1998. Bassett's new charges yielded new convictions in November, 1998. By then, Virginia had abolished parole and Bassett was not eligible for parole for his 1998 convictions.

The VDOC prioritized the order in which Bassett was to serve his multiple sentences, which Bassett claims was to his disadvantage, following his conviction on new charges on November 20, 1998. Bassett claims that the VDOC improperly lengthened the time he must serve by requiring service of the 1998 parole ineligible sentences before he completed service of the 1995 parole eligible sentences. Bassett's claim breaks down as follows. He insists that because the 1995 parole eligible sentences were imposed first, he should serve those first, followed by the 1998 parole ineligible sentences. At the same time, Bassett acknowledges that he has been writing VDOC officials since 2002 about the interruption of his parole ineligible sentences and the calculation of his release date. (Pet'r's Resp. (Dkt. # 19) 14.)

---

[1] Parole was abolished in Virginia for offenses committed after 1994. Because the drug offenses at issue in Bassett's three 1995 convictions were committed prior to January 1, 1995, the sentences he received for those convictions are parole eligible.

2

Despite being aware of the factual predicate for his claim since at least 2002, Bassett did not file his first federal habeas petition concerning this issue until November, 2009. This petition was dismissed without prejudice as it had not been exhausted. Bassett v. Johnson, No. 7:09-cv-00456, slip op. at 4 (W.D. Va. Nov. 30, 2009). Petitioner subsequently filed a state habeas petition in March 2010, which was dismissed in June 2010 as not cognizable pursuant to Carroll v. Johnson, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009). Bassett v. Dir., Dep't of Corr., No. 100702, slip op. at 1 (Va. June 10, 2010). Petitioner then filed the instant petition in August 2010.

**II.**

Habeas corpus petitions filed under 28 U.S.C. § 2254 are subject to a one year statute of limitations. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A). However, the statute of limitations may also begin on the date on which the factual predicate of the presented claim could have been discovered through the exercise of due diligence. Id. § 2244(d)(1)(D).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(D). Since 2002, Bassett has contended that his time has been improperly calculated and that he has been unlawfully incarcerated. In addition, Bassett attached to his petition a VDOC Legal Update and Sentence

---

[2] The one year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

3

Summary issued in 1999 that projected his mandatory release date as October 11, 2010. In the exercise of due diligence, Bassett certainly knew from this 1999 document that the VDOC calculated his release date far beyond November 23, 2002, the date Bassett contends he should have been released. Of course, Bassett was aware of the factual predicate for his claim no later than the end of 2002, when he was not released.

Bassett did not file his first federal habeas petition until 2009 and his state habeas petition and the instant petition until 2010. Plainly, Bassett waited far longer than a year to pursue federal habeas relief from the date he could have discovered his claims through the exercise of due diligence. See Johnson v. United States, 544 U.S. 295, 308 (2005) (defining diligence as a showing of a petitioner's prompt action as soon as he is in a position to realize that he has an interest in challenging the present issue).

Bassett argues that his petition is timely because the statute of limitations does not begin to run until his alleged false imprisonment ends, pursuant to Wallace v. Kato, 549 U.S. 384 (2007). (Pet'r's Mem. (Dkt. ## 5-1) 18.) However, Wallace concerns an accrual of an action for a damages claim under 42 U.S.C. § 1983, which is wholly distinct from a habeas action pursuant to § 2254. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Bassett challenges the duration of his incarceration and seeks an earlier release, not damages as compensation for unlawful imprisonment. See Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983) (holding conditions of confinement claims should be filed pursuant 42 U.S.C. § 1983 while challenges to duration of incarceration should be filed pursuant to § 2254). Therefore, the relief Bassett seeks

4

is only available via a habeas corpus petition, and Wallace does not apply to this matter. See Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2003) (holding in a § 2254 action that statute of limitations "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment.").

Bassett also believes that his petition is timely filed under a continuing-tort theory. See, e.g., Williams v. Norfolk and Western Ry. Co., 530 F.2d 539 (4th Cir. 1975). However, "[n]o federal court has applied the 'continuing tort' doctrine to extend the one-year period of limitations under 28 U.S.C. § 2244(d)(1)(D). Indeed, a court would be hard-pressed to apply this doctrine in the context of a habeas action because the proceeding does not involve a 'tort.'" Whitmore v. Miller, 2011 U.S. Dist. LEXIS 75137, at *10-11, 2011 WL 2746125, at *3 (W.D. Okla. Apr. 7, 2011). As the Whitmore court explained further:

> In the context of 28 U.S.C. § 2244(d)(l)(D), application of the "continuing tort" doctrine would make little sense. The statute defines the start-date for the limitations period as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Anti-terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(l)(D) (2006). . . . This language contemplates a single date in which discovery of the factual predicate would become reasonably discoverable through the exercise of due diligence. The ability to discover that factual predicate, by definition, could not involve a "continuing" period of time. Thus, the Court could not apply the "continuing tort" doctrine in the context of 28 U.S.C. § 2244(d)(l)(D).

Instead, the statute of limitations for the petition is determined by the plain language of § 2244(d)(l)(D): within one year of when discovery of the factual predicate for the habeas claim would have been reasonably discoverable through the exercise of due diligence. See Owens v. Boyd, 235 F.3d 356, 359 (4th Cir. 2000) (stating that § 2244(d)(1)(D) does not commence when the factual predicate was actually discovered by a given prisoner but when it could have been

5

discovered by due diligence). Bassett received a VDOC sentence summary in 1999 telling him he would be incarcerated until 2010 although he expected to be released long before then. Bassett has written VDOC officials since 2002 complaining that the VDOC improperly interrupted his parole eligible sentence and caused him to stay incarcerated for longer than he thinks is lawful. (Pet'r's Resp. (Dkt. # 19) 14.) Bassett claims he should have been released on November 23, 2002, yet he did not seek any habeas relief until 2009. As such, his petition is untimely. See Johnson, 544 U.S. at 311 ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Nor is equitable tolling appropriate here. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Bassett's lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, the court does not find any extraordinary circumstances in this record that prevented petitioner from timely filing a petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). This is not a case where Bassett was unaware of his claim due to some alleged concealment by respondents. Bassett readily concedes that he has been aware of the factual predicate of his claim since 2002 and attached a document to his pleadings dating

6

back as far as 1999 which projected his release date several years after the date Bassett contends is correct. Plainly, Bassett has not exercised due diligence in bringing this case to federal court in a timely manner. Accordingly, the court finds that Bassett filed his federal habeas petition beyond the one-year statute of limitations, he is not entitled to equitable tolling, and the petition must be dismissed.[3]

### III.

For the foregoing reasons, the court grants respondents' motion to dismiss and dismisses the petition for a writ of habeas corpus. Based upon the court's finding that Bassett has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the respondents.

Entered: September 8, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[3] Although the order previously referring this case to a magistrate judge made reference to conducting an evidentiary hearing if necessary, no such hearing is needed in this case. See Hooks v. Workman, 606 F.3d 715, 731 n.14 (10th Cir. 2010) (stating an evidentiary hearing is not necessary when the existing record provides the bases to resolve a motion to dismiss).

7